Case 4:12-cv-00180-A Document 15 Filed 06/08/12 Page 1 of 6 PageID 85

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 8 2012

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD THEODORE THARPE JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-180-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
## and
## ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Richard Theodore Tharpe Jr., a state prisoner currently incarcerated in Iowa Park, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

Petitioner is serving a 25-year sentence in TDCJ for his January 10, 2007, conviction for possession of a controlled substance with intent to deliver in Tarrant County, Texas, Case

No. 1002909D. (Pet. at 2) Petitioner challenged his 2007 conviction in a prior federal habeas petition. *Tharpe v. Quarterman*, Civil Action No. 4:08-CV-366-A. During his incarceration, petitioner has been denied parole on October 17, 2008, October 6, 2009, November 10, 2010, and most recently on November 18, 2011. (Resp't Ans., Ex. A) Petitioner asserts the Texas Board of Pardons and Paroles relied on the same following factors for its denial in each instance:

> 1D. The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or an adult arrest or investigation for felony and misdemeanor offenses.
>
> 3D. The record indicates excessive drug or alcohol involvement which includes possession, use or delivery in the instant offense or criminal history.
>
> 5D. The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia revocations.

(Pet. at 6A)

Petitioner's next parole review date is set for November 2012. Petitioner filed a state habeas application following the

Board's November 10, 2010, denial, raising one or more of the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals. (03State Habeas R. at cover[1]) This federal petition for habeas is deemed filed on March 13, 2012.[2]

## II. Issues

Petitioner challenges the Boards's denial of parole on three grounds, wherein he claims (1) the Board based its decision on the same three reasons for each denial; (2) the Board has a specific duty to act because he has satisfied or met the eligibility requirements that the Board should have adopted and published into its rules and regulations; and (3) the Board has violated his right not to have excessive punishment imposed upon him by basing the denials on a 1995 sexual assault conviction that was really a lesser-included offense. (Pet. at 6-7A)

## III. Rule 5 Statement

Respondent asserts that petitioner has failed to exhaust his state court remedies as to all his claims as required by 28

---

[1] "03State Habeas R." refers to the state court record in petitioner's state habeas application No. WR-69,118-03.

[2] A pro se habeas petition is deemed filed when the petition and any attachments are delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).


U.S.C. § 2254(b), that the petition is time-barred in part under 28 U.S.C. § 2244(d), and that the petition is successive in part under 28 U.S.C. § 2244(b).

## IV. Discussion

A habeas corpus petitioner under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to early release on parole. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). The decision to parole or not to parole is discretionary under Texas law, and Texas parole statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations. TEX. GOV'T CODE ANN. § 508.001(6) (Vernon 2004); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana*, 65 F.3d at 32. Thus, while a petitioner may be eligible for parole, the failure of the Board to grant parole does not merit federal habeas relief. *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981); *Orellana*, 65 F.3d

at 31-32.

Because petitioner has no constitutionally protected liberty interest in obtaining parole, his challenge to the procedures the Board used to deny his parole, the guidelines affecting his suitability for parole, and/or the factors considered by the Board to reach its decision necessarily fails. *Portley v. Grossman*, 444 U.S. 1311, 1312-13 (1980); *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007); *Allison*, 66 F.3d at 73; *Orellana*, 65 F.3d at 32. The state court's denial of habeas relief is in accord and is neither contrary to, or involve an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). Thus, petitioner is not entitled to federal habeas relief.

To the extent petitioner attempts to challenge his 1995 sexual assault conviction, for which he is not "in custody," the conviction is no longer open to collateral attack. *Hendrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir. 1989).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate

Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED June __8__, 2012.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE